UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:19-cr-30 |
| Plaintiff, | Hon. Paul L. Maloney<br>U.S. District Judge |
| v. | |
| ROSS JOSEPH JAUKKURI, | |
| Defendant. _____/ | |

## **DETENTION ORDER**

Defendant Ross Joseph Jaukkuri appeared in Court on June 23, 2020, to enter a guilty plea to Count 1 of the Indictment. (ECF No. 30.) At the conclusion of the change of plea hearing, the Court directed U.S. Probation to test Defendant for controlled substances. According to a Form PS8 authored by U.S. Probation, Defendant's urine sample tested presumptively positive for cocaine, methamphetamine and amphetamines. (ECF No. 33.) This Form PS8 also indicated that Jaukkuri admitted to using these controlled substances.

Based on the information included in the Form PS8, the Court issued a warrant for Defendant's arrest. Defendant made his initial appearance following arrest on June 23, 2020. (ECF No. 35.) At that time, Defendant requested a detention hearing.

The Court conducted a detention hearing later on June 23, 2020. (*Id.*) For the reasons stated on the record, and pursuant to 18 U.S.C. § 3148(b)(1)(A) and (B), the Court found:

(1) probable cause to believe that Defendant had committed state crimes – possession of a controlled substances, in violation of Mich. Comp. Laws §§ 333.7403(2)(a)(v), 333.7414(a)(iv), (b)(i) and (b)(ii); and use of controlled substances, in violation of Mich. Comp. Laws § 333.7404(2)(a) and (b) – while on release; and

(2) clear and convincing evidence that Defendant had violated conditions of his release, i.e. the condition that he not use or possess controlled substances (*see* ECF No. 13, PageID.24 (Standard Conditions of Release in Appearance Bond and Order Setting Conditions of Release);

In addition, for the reasons stated on the record, and pursuant to 18 U.S.C. §§ 3148(b)(2)(A) and (B), and 3142(g), the Court found

(1) that no condition or combination of conditions of release would assure that Defendant would not flee or pose a danger to the safety of other persons or the community; and

(2) that Defendant was unlikely to abide by any condition or combination of conditions.

Accordingly, the Court revoked Defendant's Appearance Bond (ECF No. 13).

IT IS SO ORDERED

Dated:  June 24, 2020                                            /s/ Maarten Vermaat
                                                                  MAARTEN VERMAAT
                                                                  U.S. MAGISTRATE JUDGE